```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

**HENRY CURTIS SAMPSON,**           )
      Plaintiff,                    ) D.C. CV. No. 2001/0122 F/C
                                    )
      v.                            ) Ref:    CR. App. No. 1996/0050
                                    )        CV. App. No. 1998/0187
**HORACE MAGRAS, Director of**       )        CV. No. 2000/0166
**Bureau of Corrections;**           )        CV. No. 2002/0016
**IRA PHILLIPS, Warden;**            )
**GLORIA SAMUEL;**                   )
**SGT. MORRIS BENJAMIN**;            )
**SYLVESTER ALLEN, all sued in their** )
**individual capacities,**           )
      Defendants.[1]                )
_____    )

# O R D E R

**THIS MATTER** is before the Court on *pro se* Plaintiff Henry Sampson's civil rights complaint brought pursuant to 42 U.S.C. §1983,[2] and Eighth and Fourteenth Amendments to the United States

---

[1]    Federal Rule of Civil Procedure 25(d)(1) provides that:

When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

[2]    Title 42 U.S.C. § 1983 (civil action for deprivation of rights) provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

(continued...)

*Sampson v. Magras, et al.*
D.C. CV. NO. 2001-122
Order
Page 2

Constitution.  Plaintiff alleges that his constitutional rights were violated when he was removed from his assignment as an upholstery instructor, and prison officials allowed his personal tools to be used by others at the institution without "just compensation" or "interest" to Plaintiff.  (Complaint at 3-5.)

A plaintiff may bring suit under 42 U.S.C. § 1983 against any person who, acting under the color of law, deprived him or her of a right secured by the Constitution or other law.  *See* 42 U.S.C. § 1983 (2000). In order to prevail on a due process claim, a plaintiff must demonstrate the existence of a protected liberty interest, and that protected liberty interest may arise from either of two sources, the Due Process clause itself or the laws of a state.  *See Hewitt v. Helms,* 459 U.S. 460, 466 (1983).

The Government moved to dismiss plaintiff's complaint for failure state a claim under 42 U.S.C. § 1983, and because there are "no serious liberty interests, [and] no fundamental violation[s] of constitutional rights at stake here that might militate against dismissal of the complaint."  (Mot. to Dismiss at 2.)  The Court

---

[2](...continued)
injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Sampson v. Magras, et al.*
D.C. CV. NO. 2001-122
Order
Page 3

agrees.

The Court accepts as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom,[3] and simply cannot find, under any reasonable reading of the pleadings, that Plaintiff may be entitled to relief. The Court is mindful that Plaintiff is entitled to relief if his complaint sufficiently alleges deprivation of any right "secured by the Constitution." *See* 42 U.S.C. § 1983.

Having reviewed this matter, it does not appear that Plaintiff can prove facts that would entitle him to relief. *See, e.g., Asquith v. Volunteers of America*, 186 F.3d 407, 410-11 (3d Cir. 1999) (holding that a prisoner is deprived of a state-created liberty interest only if the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir. 1989) (holding that an inmate does not have a protected liberty or property interest in continued prison employment). Plaintiff has not alleged deprivation of any right secured by the Constitution. Accordingly, it is hereby

**ORDERED** that the government's motion to dismiss is **GRANTED**; and further

---

[3] *See Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).

*Sampson v. Magras, et al.*
D.C. CV. NO. 2001-122
Order
Page 4

  **ORDERED** that other pending motions, if any, are **DENIED as moot**; and finally

  **ORDERED** that the Clerk of the Court shall **CLOSE** this file.

  **DONE AND SO ORDERED** this <u>8</u> day of April 2008.

             **E N T E R:**

                 /s/
             _____
             **RAYMOND L. FINCH**
             **DISTRICT JUDGE**

**Copies to:**
  George W. Cannon, Jr., Magistrate Judge
  Mr. Henry C. Sampson, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00850 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
  Richard Schrader, Jr., AAG
  Law Clerk-TLB